24286. PARKER v. DAVIDSON, Member of State Game & Fish Commission, et al.

FRANKUM, Justice. Disregarding any question as to whether the petition in this case is in effect a suit against the State (*Fleisher v. Duncan*, 195 Ga. 309 (24 SE2d 15)), the petition for an injunction seeking only to restrain the defendants, individually and as members of the State Game and Fish Commission and the Director of the Commission, individually and in his official capacity, from "proceeding to collect from" the plaintiff a sum of money allegedly paid to the plaintiff as a "retroactive" increase in salary, fails to set forth a cause of action where it merely alleges that demand for the repayment of the sum has been made upon the plaintiff by the defendant director who "advised [the] plaintiff that unless the sum [paid as such retroactive salary increase] is repaid on or before June 30, 1967, that said amount will appear on the report of the State Auditor as a debt owed by the plaintiff to the State," and fails to allege that any other effort has been made by the defendants to collect the sum referred to, and where the petition further fails to allege any facts authorizing a conclusion that the plaintiff has any reason to anticipate that future efforts will be made by the defendants to collect from the plaintiff the sum which she alleges they claim to be owed by her, and where the petition does not allege any threat by the defendants to discharge the plaintiff from her employment or to take any other punitive action to compel the repayment of the money if she fails to repay it voluntarily, it shows at most a mere apprehension of injury on the part of the plaintiff or a bare threat of injury without any overt act that would work irreparable injury if not enjoined and fails to show that the plaintiff does not have a

complete, adequate and certain remedy at law by asserting any legal defense she may have against the recovery of such sum in any suit at law which might be brought against her to recover the sum paid to her as a retroactive salary increase. *Code* § 37-120; *Waters v. Waters,* 124 Ga. 349, 353 (4) (52 SE 425); *Mendel v. Pinkard,* 217 Ga. 562, 563 (2) (123 SE2d 770); *Insurance Center v. Hamilton,* 218 Ga. 597, 600 (1a) (129 SE2d 801). The judge of the superior court did not err in sustaining the demurrer to the petition, in dissolving the restraining order, and in dismissing the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1967—DECIDED OCTOBER 5, 1967.

*G. Hughel Harrison,* for appellant.

*Arthur K. Bolton, Attorney General, Larry Ruskaup, Deputy Assistant Attorney General,* for appellees.