### 42555. S & C, INC. v. CITY OF FOREST PARK.
(338 SE2d 279)

SMITH, Justice.

S & C, Inc., the appellant, applied to the City of Forest Park, the appellee, for a license to operate a package store on a lot that it owned within the city. When the city denied the application, S & C sought a writ of mandamus in the Clayton County Superior Court to compel the city to issue the license. S & C raises four enumerations of error in its appeal of the trial court's denial of its application for a writ of mandamus. We reverse.

City Code of Forest Park, § 3A-5 states, "No business engaged in the sale of spirituous liquor or distilled spirits may be located within one hundred (100) yards of any property zoned R-85, R-70, RM-85, RM-100 or RM-125 being used for single family residential purposes as measured from the front entrance of the structure used for such sale to the nearest point of the residential structure." No single family residence lies both within one hundred yards of the lot in question and within an area zoned R-85, R-70, RM-85, RM-100 or RM-125, city zoning classifications. At least one single family residence lies within one hundred yards of the lot in question in an area zoned R-2 in unincorporated Clayton County.

"[W]hen an applicant for [a license to sell alcoholic beverages] has met the prescribed standards for obtaining it, a refusal by the municipal authorities to issue the license constitutes a denial of equal protection, entitling the applicant to a writ of mandamus in state court." *City of Atlanta v. Hill,* 238 Ga. 413, 414-415 (233 SE2d 193) (1977). The city contends that S & C's application fails to meet city standards for a license to run a package store because of the presence

of a single family home, zoned R-2 by the county, within one hundred yards of the proposed location of the store. We disagree.

While the subject property may lie within one hundred yards of a single family residence, that residence is not zoned under any of the classifications listed in the statute. The city has chosen to couple the specifically worded list of zoning classifications with single family residential use in delineating forbidden zones for liquor sales, and it is bound by its action. A separate portion of City Code § 3A-5 itself provides an example of a statute that protects a certain land use, however it is zoned, from encroaching alcohol sales. City Code § 3A-5 bars liquor stores from areas within one hundred yards of *any* church, school, or college, regardless of its zoning classification. The trial court should have granted the writ of mandamus.

Furthermore, barring a mandate of state law, see, e.g., OCGA § 3-3-21, municipal zoning laws provide rules and procedures for zoning in the municipality and only in the municipality. See *DeKalb County v. Pine Hills Civic Club*, 254 Ga. 20 (326 SE2d 214) (1985). Thus, a city generally may not restrict an owner's property rights in the city through a determination based upon property use outside the city limits.

*Judgment reversed. All the Justices concur, except Hill, C. J., who concurs in the judgment only.*

DECIDED JANUARY 8, 1986.

*Oliver, Duckworth, Sparger & Winkle, G. Robert Oliver,* for appellant.

*Albert B. Wallace,* for appellee.