## A95A0968. BASS v. PEARSON.
(466 SE2d 17)

Ruffin, Judge.

John and Teresa Brenton sued Arthur Pearson, Gilmer County and others for injunctive relief from trespass on their land. The complaint, filed by the Brentons' attorney, James Bass, alleged that Rogers Creek Road, a private road traversing the Brentons' property, was unlawfully declared to be a public road by the county. The complaint further alleged that Pearson and others were using the private road and asked that they be enjoined from doing so. The trial court granted Pearson's motion for summary judgment, finding that the Brentons had not shown they were entitled to an order restraining the trespass as required by OCGA § 9-5-4. The trial court also granted Pearson's subsequent motion for attorney fees under OCGA § 9-15-14, finding that "[t]he foundation of the [Brentons'] suit (i.e., whether or not the road in question was a public or a private road) had been settled by the County Board of Commissioners prior to the date of filing of the suit, rendering the suit meritless." The court ordered Bass to pay $6,000 in attorney fees to Pearson, and Bass appeals from that order. Because we agree with Bass that the trial court erred in awarding attorney fees to Pearson, we reverse.

It is undisputed that Rogers Creek Road cuts across the Brentons' property. The record shows that numerous people have used the road for several years and that some individuals asked the Gilmer County Board of Commissioners ("Board") to declare it a county road. In order to prevent motorists from driving dangerously on the road, the Brentons sought permission from the Board to erect gates to keep people off the road. On December 3, 1992, prior to erecting the gates, the Brentons received a letter from the county attorney stating his opinion that Rogers Creek Road was not a county road. Likewise, at the Board meeting on November 30, 1992, the Board told Mr. Brenton "that if he put the gates up that they would not have them removed since this had never been designated a county road." However, at a Board meeting on December 22, 1992, several residents opposed the Brentons closing the road and after a great deal of discussion the Board's decision was that Rogers Creek Road was a

public road to be county-maintained on a 30-foot right-of-way. It is upon that decision by the Board that the trial court based its determination that the Brentons' suit against Pearson was without any justiciable issue of law or fact and that it lacked substantial justification.

The trial court's order awarding attorney fees incorporated language from both subsections (a) and (b) of OCGA § 9-15-14. " 'The standard of review for motions under OCGA § 9-15-14 (a) is the "any evidence" rule, and the standard for review for motions under OCGA § 9-15-14 (b) is the "abuse of discretion" rule.' [Cit.]" *Sacha v. Coffee Butler Svc.*, 215 Ga. App. 280, 282 (2) (450 SE2d 704) (1994). " '(N)otwithstanding the "any evidence" standard of review . . . , when considering an appeal from an award of attorney fees made under OCGA § 9-15-14 (a), we must determine whether the claim asserted below either had some factual merit or presented a justiciable issue of law.' [Cit.]" *Moore v. Harris*, 201 Ga. App. 248, 249 (1) (410 SE2d 804) (1991). Under subsection (b) we must determine whether the court abused its discretion in finding that the Brentons' complaint against Pearson was "substantially frivolous, substantially groundless, or substantially vexatious." (Citations and punctuation omitted.) *Cobb County School Dist. v. MAT Factory*, 215 Ga. App. 697, 703 (4) (452 SE2d 140) (1994).

The evidence does not support the trial court's findings under the standards set forth above. We note initially that we have found nothing in the record, and Pearson has pointed to nothing, contradicting the county attorney's original opinion that he found "no documentation indicating a dedication of the road right of way to Gilmer County or for that matter any documentation indicating that there has been a taking or negotiation of such roadway." Nor do the minutes from the December 22, 1992, Board meeting indicate the basis for the Board's unanimous vote that Rogers Creek Road is a public road.

It appears that the only possible basis of support for the Board's declaration is that the county acquired Rogers Creek Road by prescription. Under OCGA § 32-3-3 (c) the county would have been authorized to incorporate the road into its system of public roads if it had "come to be a public road by the exercise of unlimited public use for the preceding seven years or more." However, in order for the county to have acquired the road by prescription, it must have been shown not only that the public used the road for the required period of time, but also "that the proper county authorities during that time . . . recognized it as a public road by having the same [repaired]. . . ." *Dunaway v. Windsor*, 197 Ga. 705, 711 (11) (30 SE2d 627) (1944). "The purpose of requiring a showing of repairs is to give notice to the landowner that the prescriber's use is adverse, rather than permissive. [Cit.]" *Jackson v. Stone*, 210 Ga. App. 465, 468 (2) (436 SE2d 673) (1993). We need not decide here, however, whether

such prescriptive rights were established, but only whether at the time the Brentons filed suit, there was any justiciable issue of law or fact concerning such rights. While there is evidence that numerous individuals used that road and that the county had at some point graded and graveled the road, there is nothing indicating when or for how long the county performed that work. Because we find no evidence of record that the county maintained the road *for the required period of time*, a justiciable issue of fact existed as to whether the county acquired the road by prescription. It follows that the Brentons' complaint against Pearson was not substantially frivolous, substantially groundless, or substantially vexatious.

While Pearson also contends there was other evidence in the record to support the trial court's award, we find this contention without merit. It appears that in a separate magistrate court action, Bass sued the Brentons for attorney fees incurred during his representation of them. In their answer to Bass's complaint, the Brentons denied owing the fees, alleging numerous problems with his representation. Pearson contends those allegations provide additional evidence of Bass's bad faith in litigating this case. The Brentons' answer, however, did not contend that Bass pursued a frivolous or groundless claim on their behalf. Moreover, the copy of the answer in the record is not certified and there is nothing showing that Pearson laid a proper foundation for having it admitted.

"Copies of records of judicial proceedings . . . shall be admitted as primary evidence, when properly authenticated. In all other cases a copy shall be secondary evidence." OCGA § 24-5-31. See also OCGA §§ 24-5-2; 24-5-20. Because there is nothing showing the answer was properly authenticated, it must be considered as secondary evidence. See OCGA § 24-7-20. "In order to admit secondary evidence, it shall appear that the primary evidence for some sufficient cause is not accessible to the diligence of the party. This showing shall be made to the court, who shall hear the party himself on the question of diligence and the inaccessibility of the primary evidence." OCGA § 24-5-2. Because the record here contains no such showing, or that the court made an exception to the general rule requiring primary evidence under OCGA § 24-5-3, the trial court could not have properly considered the answer in awarding attorney fees to Pearson. For the foregoing reasons, we conclude that the court erred in awarding attorney fees to Pearson.

*Judgment reversed. Birdsong, P. J., McMurray, P. J., Pope, P. J., Andrews and Johnson, JJ., concur. Beasley, C. J., Blackburn and Smith, JJ., dissent.*

BEASLEY, Chief Judge, dissenting.

I respectfully dissent. The record supports the judgment of the

trial court awarding approximately one-fourth of defendant Pearson's attorney fees, as a reasonable amount, against the attorney who brought and pursued plaintiffs' lawsuit to the point at which he was relieved of representation. It was he who advised plaintiffs that it was justiciable against Pearson and signed and filed the verified complaint. See OCGA § 9-11-11 (a).

Insofar as defendant Pearson is concerned, the complaint filed in May 1993 merely alleged that he made it known to plaintiffs that he intended to continue to use the road, threatened to drive through any obstructions, and intimidated plaintiffs into future acquiescence. They sought an injunction against his traversing the road.

Pearson hired counsel, who conducted discovery and filed resultant depositions together with a motion for summary judgment and supporting brief. He also filed the statement required by Uniform Superior Court Rule 6.5, outlining his position that the road had been used as a public road since the turn of the century. He pointed out that the county commissioners had declared it a county road in December 1992, as plaintiffs themselves alleged, and that at a recorded hearing in this suit in August 1993, plaintiffs had acknowledged this. Pearson also found it necessary to file a motion to compel plaintiffs to comply with an earlier order directed to their counsel, appellant herein.

Although plaintiffs were seeking to overcome the county's decision by injunction, there was no need to include in the lawsuit this neighbor for whom the road was the means of egress and ingress to his property. Even assuming this was a proper way to attack the county's action, if the county's action was not ultimately upheld, there was no basis upon which to allege that Pearson as a citizen would not abide by the court's final judgment; if it was upheld, his continued traverse of the road would be lawful.

The court granted summary judgment to Pearson upon finding that plaintiffs failed to show that Pearson "in any way caused irreparable damage to [their] property," as is required by OCGA § 9-5-4, and that the allegations against him are insufficient as a matter of law to obtain injunctive relief. "It is well settled," as stated over 30 years ago, "that a bare threat of injury to property, which, if followed up by an overt act would work irreparable injury, offers no basis for equitable relief by injunction or otherwise. [Cits.]" *Insurance Center v. Hamilton*, 218 Ga. 597, 600 (1) (a) (129 SE2d 801) (1963). See *Parker v. Davidson*, 223 Ga. 672 (157 SE2d 489) (1967).

Some months after this, counsel notified the court that his representation of plaintiffs was terminated. The court eventually found that not only was its earlier order not complied with, but also that the litigation had been abandoned. The court refused to disturb the county commission's December 1992 declaration of the road as a pub-

lic road.

The trial court was familiar with the whole proceeding in this case, having conducted several hearings throughout its course and studied the record. The record supports the finding that the complaint against neighbor Pearson lacked substantial justification, so that it was not an abuse of discretion to award the attorney fees under OCGA § 9-15-14 (b). Although the court found in addition that plaintiffs' claim met the criterion of subsection (a), it is unnecessary to decide whether Pearson was also entitled to attorney fees as a matter of law.

With respect to the Brentons' answer in magistrate court, I note that Pearson attached it as an exhibit to his brief in support of his motion for attorney fees and stated in the motion that the letter was admitted into evidence by the superior court and marked for identification as Exhibit "1." We do not have a transcript of any hearing in which this was assertedly done, and there is nothing in the record to confirm the fact otherwise. By the same token, there is nothing to show that the court depended on this letter in arriving at the determination concerning the attorney fee award.

I am authorized to state that Judge Blackburn and Judge Smith join in this dissent.

DECIDED OCTOBER 30, 1995 —
RECONSIDERATION DENIED DECEMBER 18, 1995 — 

*William L. Reilly*, for appellant.
*Schulten & Ward, Kevin L. Ward, Clay M. Westbrook*, for appellee.