A01A0995. SEGAL et al. v. DORBER.

(552 SE2d 873)

ELLINGTON, Judge.

Following the grant of their application for discretionary appeal, Randolph H. Segal and his attorney, David F. Dickinson, appeal from the Walton County Juvenile Court's order entered October 9, 2000, assessing guardian ad litem fees against them "jointly and severally." Because the record reveals no basis for holding the attorney personally liable for court costs[1] assessed against his client, we vacate the trial court's order as to Dickinson.[2]

The record shows the following: Carmen Dorber filed an action against Segal in the Superior Court of Walton County seeking a change in custody with regard to their two minor children. Pursuant to former OCGA §§ 15-11-5 (c) and 15-11-6 (b) (now §§ 15-11-28 (c) and 15-11-30.1 (b)), the superior court transferred to the juvenile court "the issues of child custody, child support, visitation, and/or temporary attorney fees . . . for investigation, hearing and final determination according to law." After a hearing, the juvenile court issued a "[f]inal [o]rder" granting Dorber's petition. The trial court ordered Dorber and Segal to each pay a portion of the guardian ad litem's fee. The juvenile court then entered an order transferring the case back to the superior court.[3]

Segal failed to pay his portion of the fee as ordered. The juvenile court scheduled a hearing and issued a rule nisi directing Segal and Dickinson to appear "to address the issues involved and why such costs should not be assessed against [Dickinson] and [Segal] and/or why [Segal] should not be subject to the contempt powers of the Court." Segal failed to appear at the hearing. After the hearing, the juvenile court issued an order that Segal's portion of the fee "was to be jointly and severally paid" by Segal and Dickinson "since they

---

[1] See *In re Connell*, 217 Ga. App. 523 (457 SE2d 832) (1995) (guardian ad litem fee is in the nature of court costs, not litigation expenses).

[2] No argument in the brief addressed any basis for reversing the award against Segal. Any such argument is, therefore, deemed abandoned. Court of Appeals Rule 27 (c) (2).

[3] The juvenile court later entered an order "to correct certain scrivener's errors" in the final order.

were the [m]ovants in having the guardian appointed."

Dickinson appeals the order assessing fees against him, contending that the juvenile court lacked jurisdiction to enter the appealed order because the case had already been transferred back to the superior court, that the juvenile court had no statutory authority to assess fees against him as counsel, and that the juvenile court violated his right to due process.[4]

1. The language in the rule nisi suggests that the juvenile court intended the appealed order to punish Segal and Dickinson for contempt. An attorney may be penalized for contemptuous conduct, and such a penalty may be monetary, that is, a fine. OCGA §§ 15-1-3 (3); 15-1-4 (a) (3); 15-6-8 (5). See generally 6 Encyclopedia of Ga. Law (1996 ed.), Contempt, §§ 12, pp. 59-60; 17, pp. 76-79. Contemptuous conduct may include wilful violation of a court order, including an order to pay expenses of litigation. OCGA §§ 15-1-4 (a) (3), (b); 15-11-5 (a); 19-6-2 (a); *Madison v. Montgomery*, 206 Ga. 199, 204 (2) (56 SE2d 292) (1949). Regardless of whether Segal's failure to pay his assigned portion of the guardian ad litem fee justified holding him in contempt, however, *Segal's* conduct could not justify holding *Dickinson* in contempt. In other words, the trial court lacked authority to find Dickinson in contempt for violating an order which was not directed at him, at least in the absence of evidence he caused or contributed to Segal's failure. *American Express Co. v. Baker*, 192 Ga. App. 21, 23 (2) (383 SE2d 576) (1989). See 6 Encyclopedia of Ga. Law (1996 ed.), Contempt, § 17, p. 76. Accordingly, the order directing Dickinson to pay costs cannot be upheld as an exercise of the trial court's contempt power.

2. An alternative basis for holding an attorney personally liable for litigation expenses is OCGA § 9-15-14. *Allstate Ins. Co. v. Reynolds*, 210 Ga. App. 318 (436 SE2d 56) (1993).

Under that Code section, litigation expenses "may be requested by motion at any time during the course of the action but not later than 45 days after the final disposition of the action." OCGA § 9-15-14 (e). Under certain circumstances, the trial court may move on its own to impose sanctions under OCGA § 9-15-14. *Cagle v. Davis*, 236 Ga. App. 657, 659 (2) (513 SE2d 16) (1999). In this case, the truncated record before us shows that the juvenile court entered the order making Dickinson liable for the guardian ad litem fee after it had transferred the case back to the Walton County Superior Court pursuant to OCGA § 15-11-30.1 and Uniform Juvenile Court Rule 5.2.

---

[4] We note that the trial court gave notice via the rule nisi, conducted a hearing, and allowed Dickinson an opportunity to be heard and present his arguments. Accordingly, he was not denied due process. *Cobb County School Dist. v. Barker*, 271 Ga. 35, 37 (518 SE2d 126) (1999).

Therefore, we must conclude the juvenile court lacked jurisdiction to impose new sanctions under OCGA § 9-15-14.

Further, we conclude OCGA § 9-15-14 sanctions against Dickinson were not authorized under the facts presented. Subsection (a) provides for attorney fees when a party asserts a position for which there is "a complete absence of any justiciable issue of law or fact"; subsection (b) provides for an award when a party's position lacks substantial justification. *Fulton County Bd. of Tax Assessors v. Boyajian*, 271 Ga. 881 (2) (525 SE2d 687) (2000).

As noted above, the only reason the trial court gave for assessing the guardian ad litem fee against Dickinson as counsel was that he represented Segal in moving to have the guardian appointed. The record in this case is devoid of any indication that the trial court concluded at any time that there was "a complete absence of any justiciable issue of law or fact" underlying the motion to appoint a guardian ad litem, or that the motion lacked substantial justification — indeed, the order granting Segal's motion for appointment of a guardian ad litem inherently represents a determination that the motion was meritorious.

The record raises the inference that the trial court held the attorney liable for the fee because his client refused to pay. OCGA § 9-15-14 provides no authority for an award of court costs against an attorney on this basis. Accordingly, the order directing Dickinson to pay costs cannot be upheld under OCGA § 9-15-14.

The record reveals no other basis for holding attorney Dickinson personally liable for court costs incurred on behalf of his client. See generally Annotation, Attorney's Personal Liability for Expenses Incurred in Relation to Services for Client, 66 ALR4th 256. Accordingly, the trial court's order entered October 9, 2000, must be vacated as to Dickinson.

*Judgment affirmed in part and vacated in part. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JULY 19, 2001.

*Dickinson, Mixson & Willis, David F. Dickinson*, for appellants.
*Rosemary S. Armstrong*, for appellee.