## S09A0647. CENTURY CENTER AT BRASELTON, LLC et al. v. TOWN OF BRASELTON et al.

(677 SE2d 106)

CARLEY, Justice.

In 2004, the Town of Braselton annexed a 26-acre parcel of land owned by Appellants with frontage on State Route 211. In March 2005, the Town created an overlay zoning district requiring certain improvements along S.R. 211. With respect to "Phase I" of their development, Appellants applied for a development permit and a variance exempting the property from required improvements within the right-of-way for S.R. 211. The Town's Planning Department recommended denial of the variance, and the Zoning Board of Appeal adopted that recommendation in September 2005.

In November 2005, Appellants and the Town entered into an escrow agreement providing that the Town would obtain necessary permits and construct the right-of-way improvements, that Appellants would pay for the improvements, and that their right to challenge the overlay district requirements was specifically reserved. Appellants constructed a building on the property and, in August 2006, submitted an application for a development permit with respect to "Phase II." The Town refused to consider that second application, stating that it was incomplete and deficient for failing to comply with the overlay district requirements. Thereafter, the Georgia Department of Transportation issued the Town a permit to construct the right-of-way improvements.

In February 2007, Appellants brought suit against the Town, as well as its Director of Planning and the Town Manager in their official capacities, (Appellees) for declaratory judgment, mandamus, and injunctive relief and for damages. Appellants subsequently filed a motion for partial summary judgment based on the alleged unconstitutionality and invalidity of the overlay zoning district. The trial court denied that motion and, on January 28, 2008, we denied an application for interlocutory appeal from the trial court's order.

The trial court had also denied a motion for interlocutory injunction filed by Appellants, wherein they alleged that the annexation of their property was improper due to an absence of contiguity under state law. Appellees later filed a motion for sanctions, seeking dismissal of the complaint and attorney's fees and costs pursuant to OCGA § 9-15-14 (a) and (b), based upon the allegation that Appellants' counsel perpetrated a fraud on the court in connection with the hearing on the motion for interlocutory injunction. On August 11, 2008, the trial court ordered Appellants' attorneys to pay the Town $17,980.57 within 15 days, and further stated that, "[i]n the event this sum is not paid as ordered, the [Appellants'] lawsuit shall be dismissed with prejudice." On October 17, 2008, the trial court

dismissed the complaint with prejudice, finding that the sum awarded in the August 11 order had not been paid and that Appellants had not sought any review of that order. Appellants appeal from the October 17 order.

1. Appellants contend that the trial court erred in granting sanctions in its August 11 order. They initially argue that the trial court failed to specify whether it was actually awarding sanctions under OCGA § 9-15-14 and, if so, under which subsection. However, the trial court stated that Appellees

> sought an award of attorney's fees and costs under OCGA § 9-15-14 (a) and (b) variously alleging that the subject matter of the hearing "lacked substantial justification," "unnecessarily expanded the proceedings by improper conduct," and amounted to the assertion of a "claim or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that the court would accept the asserted claim or other position."

After making findings regarding the conduct of Appellants' counsel, the trial court "conclude[d] that [Appellees'] request for an award of attorney's fees and costs is appropriate." Thus, the trial court's award incorporated citations of and language from both subsections of OCGA § 9-15-14. See *Bass v. Pearson*, 219 Ga. App. 487, 488 (466 SE2d 17) (1995). We conclude that, as in *Mitcham v. Blalock*, 268 Ga. 644, 645 (491 SE2d 782) (1997), "the trial court granted the motion [for attorney's fees and costs] pursuant to subsections (a) and (b) of § 9-15-14 . . . ."

Appellants also assert that the trial court's order failed to cite specific testimony, argument of counsel, or any other specific factual reference. However, the trial court was only required "to specify the conduct upon which the award is made. [Cits.]" *McKemie v. City of Griffin*, 272 Ga. 843, 844-845 (4) (537 SE2d 66) (2000). The trial court found that Appellants' attorneys knowingly and willfully presented an inaccurate and false survey in an effort to defraud the court, subvert justice, and gain an unfair advantage, and that they elicited from the surveyor only such testimony as was calculated to lead the court to believe that the survey was accurate. These findings constitute a sufficient specification of the conduct which entitled Appellees to attorney's fees and costs. Contrary to Appellants' further argument, the trial court's findings were also supported by the record.

> To the extent the trial court's award was based on § 9-15-14 (a), it must be sustained if there is any evidence to support it. [Cit.] To the extent the award was based on § 9-15-14 (b), it must be sustained unless the trial court abused its discretion. [Cit.]

*Mitcham v. Blalock*, supra at 648 (5). The evidence of misconduct by Appellants' counsel in seeking an interlocutory injunction "was sufficient to support the trial court's award and establishes that the trial court's award was not an abuse of discretion." *Mitcham v. Blalock*, supra. See also *Haggard v. Bd. of Regents of Univ. System of Ga.*, 257 Ga. 524, 527 (4) (b), (c) (360 SE2d 566) (1987); *Rowan v. Reuss*, 246 Ga. App. 139, 140 (1) (539 SE2d 241) (2000).

2. Appellants urge that, even if the award of attorney's fees was appropriate, the trial court erred in dismissing the complaint with prejudice.

OCGA § 9-15-14 (f) provides that an order awarding attorney's fees or expenses of litigation under that Code section "shall constitute and be enforceable as a money judgment." Neither OCGA § 9-15-14 nor any other "statutory provision[ ] dealing with abusive litigation, [cit.], authorize[s] dismissal as a sanction." *Whitley v. Piedmont Hosp.*, 284 Ga. App. 649, 656 (3) (644 SE2d 514) (2007). The dismissal in this case is not a discovery sanction, nor is it based upon expiration of the applicable statute of limitation. *Whitley v. Piedmont Hosp.*, supra at 658 (3). Although Appellees assert that the dismissal was an exercise of the trial court's inherent authority, "neither the parties nor the trial court has cited any specific authority granting a trial court the power to dismiss a plaintiff's claims on this basis and we are aware of none." *Whitley v. Piedmont Hosp.*, supra.

Appellants argue that the trial court effectively held them in contempt without following proper procedures. More importantly, however, only their attorneys, and not Appellants themselves, were ordered to pay the award under OCGA § 9-15-14.

> Regardless of whether [Appellants' attorneys'] failure to pay ... justified holding [them] in contempt, ... [their] conduct could not justify holding [Appellants] in contempt. In other words, the trial court lacked authority to find [Appellants] in contempt for violating an order which was not directed at [them], at least in the absence of evidence [they] caused or contributed to [their attorneys'] failure. [Cits.] Accordingly, the order directing [Appellants] to pay costs cannot be upheld as an exercise of the trial court's contempt power. ... [To the extent that] [t]he record raises

the inference that the trial court held [Appellants] liable for the [August 11 award] because [their attorneys] refused to pay[,] OCGA § 9-15-14 provides no authority for an award of court costs against [a party] on this basis. Accordingly, the [October 17] order ... cannot be upheld under OCGA § 9-15-14. The record reveals no other basis for holding [Appellants] personally liable ....

*Segal v. Dorber*, 250 Ga. App. 688, 689-690 (1), (2) (552 SE2d 873) (2001).

"The contempt power of the court and the provisions of OCGA § 9-15-14 are illustrative of the array of sanctions available which stop short of foreclosing the presentation of the merits ...." *Carder v. Racine Enterprises*, 261 Ga. 142, 144 (2) (401 SE2d 688) (1991). Dismissal was too harsh a sanction in this case. " 'Such action unnecessarily punished [Appellants] for the [misconduct] of their counsel ....' " *Carder v. Racine Enterprises*, supra (where counsel failed to participate in production of pre-trial order).

As the trial court's dismissal was based on an order under OCGA § 9-15-14 which was properly directed only at Appellants' attorneys, "and as our law does not authorize a dismissal on this basis, we must reverse the dismissal of" Appellants' complaint. *Whitley v. Piedmont Hosp.*, supra at 658-659 (3).

3. Under OCGA § 5-6-34 (d), where, as here, an appeal is taken from an order or judgment pursuant to OCGA § 5-6-34 (a), (b), or (c), "any other ruling that will affect the case below, including a ruling on a constitutional question, may potentially be considered by an appellate court if properly preserved for review." *Jenkins v. State*, 284 Ga. 642, 643 (1) (670 SE2d 425) (2008). Certain constitutional issues were raised and distinctly ruled upon in the trial court's order denying the motion for partial summary judgment. See *Jenkins v. State*, supra. The issues raised in that motion are not moot, as we are reversing the final judgment of dismissal. See OCGA § 5-6-34 (d) ("Nothing in this subsection shall require the appellate court to pass upon questions which are rendered moot."). "However, '(i)t is well established that this court will never decide a constitutional question if the decision of the case presented can be made upon other grounds. (Cit.)' [Cit.]" *Board of Tax Assessors of Columbus v. Tom's Foods*, 264 Ga. 309, 310 (444 SE2d 771) (1994).

4. Both in the trial court and in this Court, Appellants have contended that the Town does not have any legal authority to impose the requirements of the overlay zoning ordinance for right-of-way improvements on S.R. 211 abutting Appellants' property. In denying the motion for partial summary judgment, the trial court found a material question of fact regarding whether the overlay district

actually "zones" property outside the Town limits. As Appellees have admitted, however, the right-of-way itself is outside the Town's boundaries.

The trial court also construed Ga. Const. of 1983, Art. IX, Sec. II, Par. III and held that it is inapplicable here. Regardless of whether the trial court's construction of that provision was correct, it is clear that Art. IX, Sec. II, Par. III does not constitute authorization for a municipality to exercise any zoning powers. "[M]unicipal powers relating to 'zoning' are included in an entirely separate section [there]from." *City of Decatur v. DeKalb County*, 256 Ga. App. 46, 48 (1) (567 SE2d 376) (2002). Under the applicable state constitutional zoning provision, "[t]he governing authority of each county and of each municipality may adopt plans and may exercise the power of zoning[,]" and the General Assembly may "enact[ ] general laws establishing procedures for the exercise of such power." Ga. Const. of 1983, Art. IX, Sec. II, Par. IV.

In the absence of a contrary "mandate of state law, [cit.], municipal zoning laws provide rules and procedures for zoning in the municipality and only in the municipality. [Cit.]" *S & C v. City of Forest Park*, 255 Ga. 339, 340 (338 SE2d 279) (1986). See also 1 Am. Law Zoning § 6:26 (5th ed.) ("Absent language delegating extraterritorial zoning power, the courts have usually declined to infer it. [Cits.]"). Current state law upholds this principle by "recognizing and confirming the authority of local governments to exercise zoning power within their respective territorial boundaries . . . ." OCGA § 36-66-2 (a). In the same act, "zoning" is defined as including "the power of local governments to provide within their respective territorial boundaries . . . the regulation of development and the improvement of real estate within . . . zones or districts . . . ." OCGA § 36-66-3 (3).

There is no authority which would "permit a municipality to dictate how a parcel of property may be zoned outside of its boundaries." *Higdon v. City of Senoia*, 273 Ga. 83, 87 (3) (538 SE2d 39) (2000). Furthermore, "a city generally may not restrict an owner's property rights in the city through a determination based upon property use outside the city limits." *S & C v. City of Forest Park*, supra.

Accordingly, the Town was not authorized to restrict Appellants' property rights within its territorial boundaries by means of requirements for the improvement of property located outside the Town's corporate limits. On this basis, we conclude that those requirements of the overlay zoning ordinance which apply to property outside the territorial boundaries of the Town are invalid and that the trial court should have granted partial summary judgment in favor of Appellants. Thus, it is not necessary to address the remaining constitu-

tional grounds of the motion for partial summary judgment. See *Board of Tax Assessors of Columbus v. Tom's Foods*, supra at 312 (2).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MAY 4, 2009.

*Balch & Bingham, Michelle M. Rothenberg-Williams, Michael J. Bowers, Elizabeth R. Johnson, T. Joshua R. Archer, McKenna, Long & Aldridge, Barry J. Armstrong*, for appellants.

*Henderson & Hundley, Laurel E. Henderson, Kelly M. Hundley*, for appellees.