### 27644. U. S. I. F. ATLANTA CORPORATION v. TIMBERLAKE et al.

JORDAN, Justice. U. S. I. F. Atlanta Corporation through its agent leased to Timberlake the entire 30th floor and basement storage space in the National Bank of Georgia Building in Atlanta for the stated purpose of operating a restaurant and lounge. The lease commenced on January 1, 1972, and is for a period of ten years and three months unless sooner terminated. The printed provisions restrict the tenant from assigning the lease without prior written consent of the landlord. A typewritten provision, admittedly prepared in behalf of the tenant, reserves to him "the right to assign this lease to a corporation and be relieved of personal liability." After signing the lease, but before it became effective, Timberlake organized 34 Peachtree, Inc. In June, 1972, he notified the lessor that he had assigned the lease to this corporation, and enclosed a check from the corporation for payment of June rent. U. S. I. F. commenced an action in August, 1972, against Timberlake and 34 Peachtree seeking to restrain Timberlake and 34 Peachtree from selling to others stock in the corporation. U. S. I. F. appeals an order of September 15, 1972, denying the injunctive relief sought and dissolving an ex parte restraining order. It is undisputed that after the date of this order and before the filing of a notice of appeal Timberlake sold the stock of 34 Peachtree to W. J. Stafford and Tommie S. Clay, and the appellees suggest to this court that for this reason the appeal is moot. *Held:*
When the trial judge dissolved the temporary restraining

order and denied the injunctive relief sought by the plaintiff, this left the defendants free to act, and the individual defendant having transferred his entire interest in the corporate defendant to others, that which the plaintiff sought to enjoin in the trial court is now an accomplished fact, and renders the appeal moot and subject to dismissal. See *Dennis v. City of Palmetto,* 226 Ga. 853 (178 SE2d 161) involving an action by the plaintiff to enjoin the erection of a water tank dismissed as moot on appeal because the tank "is fully and completely constructed, painted, in service and has water in it." To the same effect, see *Howard v. Smith,* 226 Ga. 850 (178 SE2d 159).

*Appeal dismissed. All the Justices concur.*

SUBMITTED JANUARY 9, 1973 — DECIDED MARCH 8, 1973.

*Nall, Miller & Cadenhead, James W. Dorsey, Michael D. Alembik, John Kirby,* for appellant.

*Charles L. Weltner, Ernest D. Brookins,* for appellee.