## 28025. CLARKE v. CITY OF ATLANTA et al.

GRICE, Presiding Justice. This appeal results from a complaint by a property owner alleging in essence that certain adjacent property owned by two of the defendants had been illegally rezoned. The complaint prayed that the rezoning be declared illegal and that the two defendants, the city and its building inspector, be enjoined from issuing or obtaining building permits for developing the property.

The trial court found in favor of the defendants, concluding that the plaintiff's complaint failed to state a claim for either declaratory judgment or for injunctive relief.

The appeal is from that judgment.

The developer defendants have moved to dismiss the appeal for the reason that the issues recited in the enumerations of error are now moot.

Subsequent to the judgment referred to and during the appeal the application of the two developer defendants for a building permit was accepted by the city and it issued to them a permit. From an affidavit attached to the motion to dismiss it is recited that pursuant to the permit these two defendants have incurred expense on the property which as of June 12, 1973, totaled approximately two million and seventy thousand dollars.

This court has held that pursuant to the Civil Practice Act (Ga. L. 1966, pp. 609, 664; 1967, pp. 226, 239; Code Ann. § 81A-162 (a) and (c)), the mere appeal from an order denying an injunction without further application for an interim order of supersedeas does not impose any judicial restraint upon the appellees' activities nor prohibit execution of the matter sought to be enjoined; and that "The burden rests upon the appellant to obtain such order as will protect his rights and preserve the

status quo during the pendency of the appeal." *Howard v. Smith,*
226 Ga. 850, 852 (178 SE2d 159); *Dennis v. City of Palmetto,* 226
Ga. 853 (178 SE2d 161).

In this situation, the injunctive feature is now moot. *Berrie v.
Baucknecht,* 224 Ga. 432 (162 SE2d 317); *U. S. I. F. Atlanta Corp.
v. Timberlake,* 230 Ga. 225 (196 SE2d 440).

It follows that all issues relating to denial of declaratory judgment
are likewise moot. The issuance of the building permit is now an
accomplished fact, not a mere threat, uncertainty or insecurity
needing guidance before acting. All of the rights of the parties
have fully accrued and thus no actual controversy remains in the
appeal.

*Appeal dismissed. All the Justices concur.*

ARGUED JULY 10, 1973 — DECIDED SEPTEMBER 6, 1973 —
REHEARING DENIED SEPTEMBER 19, 1973.

*Haas, Holland, Levison & Gibert, Richard C. Freeman, III,* for
appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Robert W.
Beynart, Thomas H. Ries, Ralph H. Witt, Henry L. Bowden,* for
appellees.