## S06A0539. GARNETT v. HAMRICK.
## S06A0540. GARNETT v. PERDUE.
### (630 SE2d 384)

BENHAM, Justice.

This appeal involves litigation arising from Ruby M. Garnett's efforts to file suit against the Georgia Department of Human Resources and a child support recovery company. Those efforts began in 2004 when Garnett, believing she had to have the consent of the Governor of Georgia to sue the State, wrote to Governor Perdue seeking that consent, but received a letter from Governor Perdue explaining that he could not assist her in the underlying child support matter because it was a matter for the courts. In June 2005, notwithstanding the absence of the consent she sought, Garnett presented for filing a complaint against the Georgia Department of Human Resources and the child support recovery company. Because Garnett represented herself and sought to avoid paying costs on the basis of her indigence, the complaint was subject to review prior to filing pursuant to OCGA § 9-15-2 (d).[1] When Judge Gayle Hamrick, to whom the complaint was assigned for review, failed to rule on Garnett's pauper status as quickly as Garnett wished, she presented for filing a petition for mandamus to force Judge Hamrick to perform the required review. That petition, also subject to review under OCGA § 9-15-2 (d), was denied filing by another judge on the ground that it did not state a basis for any relief that could be granted because a hearing on Garnett's pauper status had already been set. Garnett appeals that order in Case No. S06A0539.

After seeking to file the mandamus action against Judge Hamrick, Garnett presented for filing a petition for mandamus against Governor Perdue seeking an order requiring him to give her consent to sue the State. That petition, subject to the same review as the other filings, was denied filing on the ground that it did not state a basis for any relief that could be granted because Garnett had the specific legal

---

[1] OCGA § 9-15-2.

. . .

(d) When a civil action is presented for filing under this Code section by a party who is not represented by an attorney, the clerk of court shall not file the matter but shall present the complaint or other initial pleading to a judge of the court. The judge shall review the pleading and, if the judge determines that the pleading shows on its face such a complete absence of any justiciable issue of law or fact that it cannot be reasonably believed that the court could grant any relief against any party named in the pleading, then the judge shall enter an order denying filing of the pleading. If the judge does not so find, then the judge shall enter an order allowing filing and shall return the pleading to the clerk for filing as in other cases. An order denying filing shall be appealable in the same manner as an order dismissing an action.

remedy of filing suit against the State. That order is the subject of the appeal in Case No. S06A0540.

1. In each case, the appellee has filed a motion to dismiss on the ground of mootness. In Case No. S06A0539, we note that Garnett admits in her brief that the relief she sought in the mandamus action against Judge Hamrick, i.e., permission to pursue her suit against the Department of Human Resources and the child support recovery company without the payment of costs, has since been granted. An admission in a brief to facts indicating mootness is considered a solemn admission in judicio (*Froelich v. State*, 210 Ga. App. 647, 648-649 (437 SE2d 358) (1993)) which will support a dismissal for mootness. *Kappers v. DeKalb County Bd. of Health*, 214 Ga. App. 117, 118 (446 SE2d 794) (1994). Since it affirmatively appears from her admission that a decision on appeal would be of no benefit to her, and there is no suggestion that the alleged error is capable of repetition yet evades judicial review, Garnett's appeal in Case No. S06A0539 is dismissed. *Inserection &c. v. City of Marietta*, 278 Ga. 170 (598 SE2d 452) (2004).

2. In Case No. S06A0540, we find no basis for dismissing the appeal as moot since Garnett has not gotten what she wanted, which was permission from Governor Perdue to sue the State. Accordingly, the motion to dismiss in that case is denied.

Garnett contends on appeal she was entitled to mandamus to compel Governor Perdue to waive sovereign immunity in compliance with OCGA § 50-21-23. While that statute contains a limited waiver of sovereign immunity for "the torts of state officers and employees while acting within the scope of their official duties or employment" (id.), the waiver is not dependent on permission from the governor. Thus, the trial court was correct in ruling that Garnett has a specific legal remedy, to wit, filing suit against the State without Governor Perdue's consent, a remedy she has in fact employed. "Mandamus can issue only 'if there is no other specific legal remedy for the legal rights.' OCGA § 9-6-20." *Daker v. Ray*, 275 Ga. 205, 206 (1) (563 SE2d 429) (2002). Because Garnett had a specific legal remedy, she was not entitled to the mandamus relief she sought. "Accordingly, as the pleading sought to be filed by the appellant demonstrates a complete absence of any justiciable issue of law or fact, the trial court did not err in entering an order denying filing of the pleading. . . ." *Hawkins v. Rice*, 203 Ga. App. 537, 538 (417 SE2d 174) (1992).

*Appeal dismissed in Case No. S06A0539. Judgment affirmed in Case No. S06A0540. All the Justices concur, except Melton, J., not participating.*

DECIDED MAY 17, 2006.

Ruby M. Garnett, *pro se.*

Thurbert E. Baker, *Attorney General,* Calandra A. Almond, *Assistant Attorney General,* for appellees.