## S11A0459. RAY et al. v. HARTWELL RAILROAD COMPANY et al.

(711 SE2d 722)

HUNSTEIN, Chief Justice.

Appellants Betty Irelle Ray and Donald E. Cochran filed a petition to quiet title against all the world as to two parcels of land in downtown Lavonia, depicted as Tracts 1 and 1A on a 1996 plat prepared by Bartlett & Cash Land Surveyors, Inc., and asserted a claim for slander of title against appellee Hartwell Railroad Company. Hartwell only disputed appellants' title to the .67 acres of land comprising Tract 1A, claiming that this property lies within the 100-foot right-of-way it holds on either side of its railroad track running through Lavonia. A special master was appointed, and appellants moved for summary judgment on the grounds that they had established record and prescriptive title to the disputed property as a matter of law. Hartwell filed a cross-motion for summary judgment, asserting that no issue of material fact existed regarding its ownership of Tract 1A. The special master issued an order, subsequently adopted by the trial court, granting Hartwell's motion and denying appellants' motion. Appellants appeal, arguing that the trial court erroneously concluded that Hartwell holds undisputed record and prescriptive title to Tract 1A by relying on certain inadmissible evidence.

The special master's order concluded, however, that Hartwell was entitled to summary judgment not only because it had established undisputed record and prescriptive title to Tract 1A but also because appellants, as a matter of law, could not carry their burden of establishing their own record or prescriptive title to the disputed property.[1] While appellants' notice of appeal states that they "hereby appeal . . . from the [trial court's order] granting summary judgment to [Hartwell] on its claims for record title and title by adverse possession . . . *and* for its denial of Plaintiffs' claim for title by adverse possession" (emphasis supplied), neither the enumerations of error nor the arguments in appellants' brief presents any challenge to the trial court's rulings that, as a matter of law, appellants cannot prove their title to the disputed property. Hartwell argues that because the portion of the trial court's order concluding that appellants cannot establish title to Tract 1A is not at issue on appeal

---

[1] In granting summary judgment to Hartwell on the basis that appellants could not prove title, the trial court, in effect, granted summary judgment in Hartwell's favor on the grounds raised in appellants' motion for summary judgment. Appellants do not dispute the trial court's authority to do so under the circumstances of this case. See *Eiberger v. West*, 247 Ga. 767, 770 (1) (a) (281 SE2d 148) (1981) (discussing trial court's authority to grant summary judgment to non-moving party).

and will stand regardless of the Court's disposition of appellants' enumerations of error, the appeal is moot and must be dismissed. See OCGA § 5-6-48 (b) (3). We agree.

This Court will dismiss an appeal as moot "where it affirmatively appears that a decision would be of no benefit to the complaining party. [Cit.]" *Parker v. Parker*, 277 Ga. 664, 667 (594 SE2d 627) (2004) (mother's failure to appeal from jury verdict and final judgment establishing that certain funds were not due as child support mooted appeal from partial summary judgment in father's favor on that issue). See also *Garnett v. Hamrick*, 280 Ga. 523 (1) (630 SE2d 384) (2006); *Inserection v. City of Marietta*, 278 Ga. 170 (1) (598 SE2d 452) (2004). Establishing their title to Tract 1A was a prerequisite for appellants to prevail in their quiet title action and to succeed on their slander of title claim. *McRae v. SSI Development, LLC*, 283 Ga. 92, 93 (2) (656 SE2d 138) (2008) ("The law in this State is clear that a person must establish ownership of property on the strength of her own title and cannot prevail in a quiet title action by relying on the weaknesses in another's title. [Cit.]"); *Bishop Contracting Co. v. North Ga. Equip. Co.*, 203 Ga. App. 655 (4) (417 SE2d 400) (1992) (corporation that did not own property lacked standing to assert slander of title claim against lienholder). In this case, even if the Court determined that the trial court erred by concluding that Hartwell has title to Tract 1A as a matter of law, appellants would not be entitled to a reversal of the summary judgment entered in Hartwell's favor in view of the trial court's unchallenged rulings that appellants, as a matter of law, cannot prove their own title to the property. As such, appellants could not benefit from resolution of the issues on appeal, and the appeal must be dismissed as moot.

*Appeal dismissed as moot. All the Justices concur.*

DECIDED JUNE 27, 2011.

*J. Christopher NeSmith*, for appellants.
*McClure, Ramsay, Dickerson & Escoe, Allan R. Ramsay, Matthew D. Williams*, for appellees.