**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 24, 2013**

# In the Court of Appeals of Georgia

A13A1557. LABMD, INC. v. ADMIRAL INSURANCE COMPANY.

BARNES, Presiding Judge.

This case involves a dispute over whether Appellee Admiral Insurance Company owed a duty to defend Dr. Adnan Tabrez Savera in an underlying lawsuit that Appellant LabMD, Inc. filed against Dr. Savera. Admiral filed the instant declaratory judgment action, seeking a declaration that it owed a duty to defend Dr. Savera under an insurance policy that Admiral had issued to LabMD as the named insured. The trial court granted summary judgment to Admiral on both its declaratory judgment claim and LabMD's counterclaims. On appeal, LabMD contends that the trial court erred in granting summary judgment to Admiral and in denying its motion to compel certain depositions. Admiral, however, has filed a motion to dismiss the appeal in which it argues that the questions raised by LabMD have become moot, depriving this Court of jurisdiction. For the reasons discussed below, we agree with

Admiral that the questions raised by LabMD are moot. Accordingly, Admiral's motion is granted, and the appeal is dismissed.

The record reflects that Dr. Savera was employed by LabMD as its Medical Director and Chief Genitourinary Pathologist. An employment dispute ensued, and LabMD sued Dr. Savera for breach of fiduciary duty and other claims (the "underlying lawsuit").

Dr. Savera tendered the underlying lawsuit to Admiral based on an insurance policy that Admiral had issued to LabMD. He contended that he was an "insured" under the terms of the policy with respect to the claims asserted against him by LabMD in the underlying lawsuit, and that, as a result, Admiral had a duty to defend him in that litigation.

Admiral agreed to defend Dr. Savera in the underlying lawsuit pursuant to a reservation of rights. LabMD then accused Admiral of having a conflict of interest and breaching its fiduciary duties owed to LabMD as the named insured under the policy. In response, Admiral filed this action, seeking a declaratory judgment that the insurance policy required it to defend Dr. Savera in the underlying lawsuit. LabMD answered and denied that Dr. Savera was owed a defense under the policy. LabMD later filed an amended answer in which it asserted several counterclaims, including

2

that Admiral had breached its fiduciary duties owed to LabMD and had breached the insurance contract by agreeing to defend Dr. Savera.

During the course of the declaratory judgment action, a discovery dispute arose between Admiral and LabMD over the deposition of certain witnesses. Ultimately, LabMD filed a motion to compel the depositions of several Admiral employees and its Rule 30 (b) (6) representative. The trial court denied the motion to compel.

Admiral filed a motion for summary judgment on its declaratory judgment claim, arguing that it owed a duty to defend Dr. Savera in the underlying lawsuit as a matter of law. Additionally, Admiral argued that LabMD's counterclaims were procedurally improper because LabMD failed to seek leave of court to file them after filing its initial answer. Admiral further argued that the counterclaims failed on the merits as a matter of law. The trial court agreed with Admiral and granted summary judgment in its favor, leading to this appeal by LabMD.

After LabMD filed its notice of appeal, the underlying lawsuit between LabMD and Dr. Savera was tried before a jury. At the end of the trial, the jury returned a verdict in favor of Dr. Savera.[1] During the trial of the underlying lawsuit, Admiral

---

[1] LabMD has separately appealed from the judgment entered in the underlying lawsuit. See *LabMD, Inc. v. Savera*, Case No. A13A1232.

provided a defense to Dr. Savera, and the applicable liability limit on the insurance policy was exhausted by the costs of the defense.

1. On appeal in the present case, LabMD contends that the trial court erred in granting summary judgment in favor of Admiral on its declaratory judgment claim. According to LabMD, Admiral did not owe a duty to defend Dr. Savera in the underlying lawsuit under the plain terms of the insurance policy. However, all issues relating to the grant of Admiral's declaratory judgment claim are now moot.

"A case is moot when its resolution would amount to the determination of an abstract question not arising upon *existing* facts or rights[.]" (Citation and punctuation omitted; emphasis in original.) *Scarbrough Group v. Worley*, 290 Ga. 234, 236 (719 SE2d 430) (2011). Furthermore, in the context of a declaratory judgment action, a claim becomes moot "where the rights of the parties have already accrued and there is no risk to the petitioner of future undirected action." *McRae, Stegall, Peek, Harman, Smith & Manning v. Ga. Farm Bureau Mut. Ins. Co.*, 316 Ga. App. 526, 530 (729 SE2d 649) (2012). In other words, a declaratory judgment action cannot simply confirm actions already taken by an insurer, see *Norfolk & Dedham Mut. Fire Ins. Co. v. Jones*, 124 Ga. App. 761, 764 (2) (186 SE2d 119) (1971), and, consequently, a declaratory judgment action regarding an insured's duty to defend

4

can be rendered moot where the underlying liability lawsuit has proceeded to judgment. See, e. g., *Morgan v. Guaranty Nat. Co.*, 268 Ga. 343, 344-346 (489 SE2d 803) (1997). "Regardless of when an action reaches that posture, it is still an action which presents no justiciable controversy because the issue (whether to defend) has become dead or academic." *Empire Fire & Marine Ins. co. v. Metro Courier Corp.*, 234 Ga. App. 670, 673 (1) (c) (507 SE2d 525) (1998). See *Clarke v. City of Atlanta*, 231 Ga. 84, 84-85 (200 SE2d 264) (1973) (dismissing appeal of declaratory judgment action that became moot during pendency of the appeal).

Here, as previously indicated, Admiral has submitted evidence that it provided a defense to Dr. Savera in the underlying lawsuit that has now proceeded to judgment, and that the applicable liability limit on the insurance policy has been exhausted by the costs of the defense. LabMD does not dispute these facts. Accordingly, the defense of Dr. Savera "is now an accomplished fact," and there is no remaining "uncertainty or insecurity [for which Admiral] need[s] guidance before acting." *Clarke*, 231 Ga. at 85. We therefore conclude that all issues relating to the grant of summary judgment on Admiral's declaratory judgment claim have been rendered moot. See id.

5

2. Although somewhat unclear from its brief, LabMD also appears to challenge the trial court's grant of summary judgment in favor of Admiral on its counterclaims for breach of fiduciary duty and breach of the insurance contract. Unlike the declaratory judgment claim, these counterclaims are not rendered moot by the underlying lawsuit having proceeded to judgment.[2] See, e. g., *Adams v. Atlanta Cas. Co.*, 225 Ga. App. 482, 485-486 (2) (484 SE2d 302) (1997) (counterclaims pertaining to insurance coverage issue were not rendered moot, even though declaratory judgment claim was moot because the underlying lawsuit had proceeded to judgment). We nevertheless conclude that the issues raised on appeal relating to the grant of summary judgment to Admiral on these counterclaims are moot, but for a different reason.

LabMD's argument for why summary judgment was inappropriate focuses on whether Admiral had a duty to defend Dr. Savera in the underlying lawsuit under the terms of the insurance policy. But the trial court granted summary judgment to Admiral on LabMD's counterclaims on the additional procedural ground that LabMD failed to seek leave of court to file them after the initial answer had been filed. See

---

[2] LabMD also asserted several declaratory judgment counterclaims, which are moot for the same reasons discussed supra in Division 1.

OCGA § 9-11-13 (f) ("When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may *by leave of court* set up the counterclaim by amendment.") (emphasis supplied). LabMD provides no citations to the record or legal argument as to why the trial court erred in granting summary judgment to Admiral on this procedural ground, and thus any such argument has been abandoned for purposes of appeal. See Court of Appeals Rule 25 (c) (2). It follows that the portion of the trial court's order concluding that LabMD's counterclaims were procedurally defective will stand affirmed, irrespective of whether LabMD is correct that Admiral had no duty to defend Dr. Savera in the underlying lawsuit. See *Ray v. Hartwell R. Co.*, 289 Ga. 452, 452-453 (711 SE2d 722) (2011).

A question is moot on appeal if resolution of the question by this Court "would be of no benefit to the complaining party." (Citations and punctuation omitted.) *Ray*, 289 Ga. at 453. In this case, even if this Court determined that the trial court erred in concluding that Admiral had a duty to defend Dr. Savera, LabMD would not be entitled to a reversal of summary judgment on its counterclaims in view of the trial court's unchallenged ruling that the counterclaims were procedurally defective. Accordingly, LabMD would not benefit from resolution of the issues it has raised on

appeal regarding the grant of summary judgment to Admiral on its counterclaims, and those issues therefore are moot. See id.

3. LabMD also contends that the trial court erred in denying its motion to compel the depositions of an Admiral representative under OCGA § 9-11-30 (b) (6) and of several Admiral employees so that LabMD could obtain discovery to defend against the declaratory judgment claim and to support its own counterclaims. However, because all issues relating to the disposition of the declaratory judgment claim and the counterclaims are moot for the reasons discussed supra in Divisions 1 and 2, all discovery issues relating to those claims are likewise moot and will not be addressed on appeal.

*Appeal dismissed. Miller and Ray, JJ., concur.*