**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 24, 2015**

# In the Court of Appeals of Georgia

A14A1540. LABMD, INC. v. SAVERA.

A<small>NDREWS</small>, Presiding Judge.

LabMD, Inc. appeals an order by the Superior Court of Fulton County granting attorney fees to Adnan Tabrez Savera, M.D., pursuant to OCGA § 9-15-14. LabMD does not contend that the trial court's award was not authorized by the evidence; rather, it claims simply that the amount of the trial court's award should be reduced because it failed to apply a setoff and included sums that were not attributable to LabMD's sanctionable conduct. Finding that the trial court failed to consider certain factors which could influence the amount of its award, we affirm in part, vacate the trial court's order, and remand for further proceedings.

Relevant to the issues in this appeal, the trial court found that LabMD hired Dr. Savera in 2006 as its medical director and chief genitourinary pathologist. On January

22, 2010, Dr. Savera tendered 90 days' notice of his resignation from LabMD as required by his employment contract. After Dr. Savera provided his notice, he continued working for LabMD but was terminated by LabMD on April 12, 2010 - ten days shy of the conclusion of his 90-day notice term. On the same date, LabMD filed a complaint against Dr. Savera alleging that Dr. Savera breached certain restrictive covenants in his employment contract.[1] In five subsequent amended complaints, LabMD asserted additional causes of action against Dr. Savera, including: (i) breach of contract for failure to maintain regular working hours; (ii) breach of fiduciary duty; (iii) misappropriation of trade secrets; (iv) violation of the Federal Computer Fraud and Abuse Act (18 USC § 1030); (v) violation of the Georgia Computer Systems Protection Act (OCGA § 16-9-93); (vi) trespass; and (vii) punitive damages. Of the eight claims asserted against Dr. Savera, two were abandoned by LabMD (breach of contract [restrictive covenants] and breach of contract [working hours]), four were

---

[1] We note that this appeal is the third case in this Court arising from LabMD's April 12, 2010 complaint against Dr. Savera. In the first appeal, see *LabMD v. Savera*, Case No. A13A1232 (Sept. 16, 2013), we affirmed both a jury verdict and a summary judgment order against LabMD in the underlying civil action filed by LabMD. Next, we dismissed LabMD's appeal of the trial court's order granting Admiral Insurance Company's motion for summary judgment in Admiral's declaratory judgment action, in which the trial court found that Admiral owed a duty to defend Dr. Savera in the underlying civil action. See *LabMD v. Admiral Ins. Co.*, 323 Ga. App. 906 (749 SE2d 11) (2013) (appeal dismissed).

2

dismissed by the trial court on summary judgment (misappropriation of trade secrets, federal computer crimes, trespass, and, with one exception, breach of fiduciary duty), and one was dismissed by the trial court on Dr. Savera's motion for directed verdict during trial (punitive damages). A jury returned verdicts in favor of Dr. Savera on LabMD's remaining claims.

Following trial, Dr. Savera filed a motion for attorney fees against LabMD and LabMD's counsel pursuant to OCGA § 9-15-14 (a) and (b). In his motion, Dr. Savera alleged that he incurred attorney fees totaling $315,493.92 and that each of LabMD's causes of action "had no justiciable issue of law or fact; lacked substantial justification; were presented purely for purposes of harassing [Dr. Savera]; and were substantially frivolous, groundless and vexatious." After receiving additional briefing, the trial court conducted a hearing on Dr. Savera's motion. In addition to argument of counsel, the trial court received testimony from two of Dr. Savera's attorneys as well as affidavits and invoices from the attorneys.

In its order granting Dr. Savera's motion, the trial court initially found that Dr. Savera incurred attorney fees totaling $320,062.21. However, the trial court examined each of LabMD's eight causes of action and determined that five of them were frivolous and lacked substantial justification. As a result, the trial court apportioned

3

Dr. Savera's attorney fees only to those causes of action it found to be frivolous, which resulted in an award of attorney fees in the amount of $168,257.18.[2] This appeal followed.

OCGA § 9-15-14 (a) provides that

> [i]n any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Attorney's fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just.

Similarly, a trial court

> may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought

---

[2] Three days prior to the trial court's execution of its order awarding attorney fees, Dr. Savera withdrew his claims for attorney fees from LabMD's counsel and counsel's law firm due to a settlement of those claims. The trial court acknowledged the withdrawal of Dr. Savera's claims but, as discussed infra, the trial court's order was silent concerning the effect of the settlement on its award of attorney fees.

or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

OCGA § 9-15-14 (b). The damages authorized by § 9-15-14 "are intended not merely to punish or deter litigation abuses but also to recompense litigants who are forced to expend their resources in contending with [abusive litigation]." *O'Keefe v. O'Keefe*, 285 Ga. 805, 806 (684 SE2d 266) (2009). See also *Dixon v. Home Indem. Co.*, 206 Ga. App. 623, 624 (1) (426 SE2d 381) (1992) ("Though an award arising from a judgment under OCGA § 9-15-14 also serves the incidental purpose of providing compensation to the injured party, this does not diminish the reality that awards made under it are 'sanctions' under the accepted definition of that term."). The standard of review for OCGA § 9-15-14 (a) is the "any evidence" rule, while "OCGA § 9-15-14 (b) is discretionary and the standard of review is abuse of discretion." *Haggard v. Board of Regents of the Univ. System of Ga.*, 257 Ga. 524,

5

527 (4) (360 SE2d 566) (1987). See also *Century Center at Braselton, LLC v. Town of Braselton*, 285 Ga. 380, 381, 382 (1) (677 SE2d 106) (2009).

As a threshold matter, LabMD does not challenge Dr. Savera's entitlement to an award under OCGA § 9-15-14 (a) or (b). Furthermore, we conclude that the trial court did not abuse its discretion in awarding attorney fees in some amount. See *Town of Braselton*, 285 Ga. at 382 (1); *Haggard*, 257 Ga. at 527 ("Under both standards the record supports the trial court's award."); *Lawrence v. Direct Mtg. Lenders Corp.*, 254 Ga. App. 672, 676 (4) (563 SE2d 533) (2002). We therefore turn to an analysis of the amount awarded by the trial court.

1. In its first enumeration of error, LabMD contends that the trial court erred in awarding attorney fees to Dr. Savera without considering a potential setoff for: (a) the amounts received, if any, from Dr. Savera's settlements with LabMD's counsel and counsel's law firm; and (b) the amounts received from Admiral pursuant to cost of defense payments made under its insurance policy issued to LabMD. See n. 1, supra. We agree.

(a) Settlement of Claims. On January 23, 2013, Dr. Savera filed withdrawals of his motion for attorney fees as it applied to counsel for LabMD and counsel's law firm; the dismissals acknowledged that Dr. Savera "settled its attorneys' fees claim

6

against [counsel and counsel's law firm, respectively]" but contained no additional information concerning the settlement agreement. Three days later, the trial court executed its order granting Dr. Savera's motion and awarding $168,257.18 in attorney fees.

Although the trial court was aware of the settlement of Dr. Savera's claims against LabMD's counsel and counsel's law firm, the order is silent as to the effect, if any, of Dr. Savera's settlements on the trial court's award. See generally *Ga. Northeastern R. v. Lusk*, 277 Ga. 245, 246 (1) (587 SE2d 643) (2003) ("Georgia, as part of its common law and public policy, has always prohibited a plaintiff from a double recovery of damages; the plaintiff is entitled to only one recovery and satisfaction of damages, because such recovery and satisfaction is deemed to make the plaintiff whole."); *Roofer's Edge v. Standard Bldg. Co.*, 295 Ga. App. 294, 296 (1) (671 SE2d 310) (2008) (same); *Cole v. Webb*, 267 Ga. App. 174, 177 (2) (598 SE2d 886) (2004) (discussion of setoff due to settlement in context of tort claim). As a result, we vacate the trial court's order granting Dr. Savera's motion for attorney fees and remand this matter to the trial court to consider the amounts, if any, of the settlements between Dr. Savera and LabMD's counsel and counsel's law firm and their effect upon the trial court's award of attorney fees.

(b) Payment of Attorney Fees by Insurance Policy. Similarly, LabMD next argues that the trial court failed to apply a setoff of its attorney fees award to account for the defense costs paid by Admiral. Again, we agree.

In its order granting Dr. Savera's motion for attorney fees, the trial court awarded fees in the amount of $168,257.18. However, the parties acknowledged that Admiral exhausted its $250,000.00 policy limit to cover Dr. Savera's defense costs. To that end, Dr. Savera introduced evidence that he incurred attorney fees of $315,493.92, or $65,493.92 in excess of Admiral's defense cost payments. In any case, the trial court neglected to analyze the amounts paid by Admiral and, in particular, Dr. Savera, and to determine the proper application of the setoff in view of the fees incurred individually by Dr. Savera. See *Lusk*, 277 Ga. at 246 (1); *Roofer's Edge*, 295 Ga. App. at 296 (1). As discussed in Division 1, supra, we remand this matter to the trial court for findings of fact and conclusions of law concerning a potential setoff of its award in view of Admiral's payments and Dr. Savera's attorney fees not covered by Admiral.

2. Second, LabMD argues that the trial court abused its discretion by including in its attorney fees award amounts attributable to, inter alia, the prosecution of Dr. Savera's counterclaim and to litigate Admiral's declaratory judgment action.

8

(a) In cases involving attorney fees awards pursuant to OCGA § 9-15-14 (a) or (b), "the trial court must limit the fees award to those fees incurred because of the sanctionable conduct." (Punctuation omitted). *Trotter v. Summerour*, 273 Ga. App. 263, 267 (2) (614 SE2d 887) (2005). Here, LabMD contends that the trial court failed to properly examine the billing records submitted by Dr. Savera's counsel which resulted in the trial court awarding minimal additional attorney fees not related to LabMD's sanctionable conduct. Specifically, LabMD refers to fees related to: (i) litigating Dr. Savera's counterclaim; (ii) Dr. Savera's 401(k) and other benefits; (iii) counsel's communications with Admiral concerning the status of litigation; (iv) participation in Admiral's declaratory judgment action; (v) non-party discovery issues in LabMD's separate civil action against Corey Dayley; and (vi) Dr. Savera's defense in LabMD's separate civil action against Chad Miller. Counsel for Dr. Savera testified at length concerning the need for, and strategy behind, the fees incurred. The trial court concluded that the attorney fees it allocated were "necessary to the defense of the litigation" and "reasonable for the defense of [LabMD's] claims."

(b) With regard to the fees discussed in items (iii), (iv), and (v) of Division 2 (a), supra, we conclude that LabMD has failed to demonstrate an abuse of the trial court's discretion. See OCGA § 9-15-14 (b); *Town of Braselton*, 285 Ga. at 382 (1);

9

*Haggard*, 257 Ga. at 527; *Lawrence*, 254 Ga. App. at 676 (4). Dr. Savera's counsel testified that a separate account was created for work on the Admiral declaratory judgment action and that the limited fees incurred by Dr. Savera were related to, and necessary for, Dr. Savera's defense against LabMD's allegations. See also *LabMD*, 323 Ga. App. at 906-907. Likewise, Dr. Savera's counsel's representation of Dr. Savera during a deposition in the Dayley litigation was necessary and proper for Dr. Savera's defense in the LabMD litigation. The trial court agreed, and we find no abuse of its discretion.

(c) We conclude that LabMD has waived any argument concerning Dr. Savera's counsel's representation of Dr. Savera in the Miller litigation due to its failure to identify any error in the record. See Court of Appeals Rule 25 (c) (2) (i). Specifically, LabMD failed to identify any particular evidence of fees incurred by Dr. Savera related to the Miller litigation that should not have been included in the trial court's award. Id. See also *Carroll v. Bd. of Regents of the Univ. System of Ga.*, 324 Ga. App. 598, 602 (1) n. 1 (751 SE2d 421) (2013) (burden is on party alleging error to show it affirmatively by the record). Furthermore, "[i]t is well settled that this Court will not cull the record . . . on an appellant's behalf." *Carlisle v. Abend*, 288 Ga. App. 150, 151 (1) (653 SE2d 388) (2007).

10

(d) The fees enumerated in items (i) and (ii) of Division 2 (a), supra, are closer questions. On their faces, these items do not appear to relate to LabMD's sanctionable conduct; rather, they appear to encompass more general aspects of Dr. Savera's representation. However, in view of our discussion in Division 1, supra, and the remand authorized therein, the trial court should consider whether the following incurred attorney fees are related to LabMD's sanctionable conduct and, if so, address the fees in its order adjudicating Dr. Savera's motion: (a) litigation of Dr. Savera's counterclaim; and (b) assorted correspondence concerning Dr. Savera's 401(k) account and other employment benefits.

In sum, we affirm the trial court's finding that Dr. Savera's counsel's representation of Dr. Savera in the Admiral declaratory judgment action and in LabMD's separate civil action against Dayley was necessary to Dr. Savera's defense in this case because LabMD has failed to demonstrate an abuse of the trial court's discretion. We nevertheless vacate the trial court's order granting Dr. Savera's motion for attorney fees and remand for a hearing to consider: (a) a possible setoff in view of Dr. Savera's settlement of his claim for attorney fees against LabMD's counsel and counsel's law firm; (b) a possible setoff related to Admiral's partial payment of Dr. Savera's defense costs; (c) the amount of attorney fees paid by Dr. Savera

11

individually and its effect upon the trial court's award; and (d) the relationship of Dr. Savera's counsel's litigation of Dr. Savera's counterclaim and representation concerning Dr. Savera's employment benefits to LabMD's sanctionable conduct.

*Judgment affirmed in part, vacated in part, and case remanded for further proceedings. McFadden and Ray, JJ., concur.*