**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 10, 2016**

# In the Court of Appeals of Georgia

A15A2029. LEWIS v. CITY OF SAVANNAH.

BARNES, Presiding Judge.

The Recorder's Court of Chatham County entered an order finding that Isaac Lewis had violated a 2010 cease and desist order (the "2010 Order") and several municipal ordinances by operating illegal rooming houses in Savannah. The recorder's court fined Lewis for the violations (including a $1,000 fine for violating the 2010 Order) and sentenced him to several months of incarceration in the county detention center. Lewis filed a petition for a writ of certiorari to the superior court, arguing that the recorder's court erred by holding him in contempt of the 2010 Order, which had been entered in an unrelated case that had been dismissed. Lewis also argued that the recorder's court erred in sanctioning him for violating the municipal ordinances because he was not provided a reasonable opportunity to correct the deficiencies in the properties before the enforcement action was commenced against

him. The superior court affirmed the recorder's court, and Lewis then filed an application for discretionary appeal, which this Court granted.

For the reasons discussed below, we conclude that the recorder's court lacked jurisdiction to hold Lewis in contempt of the 2010 Order. We therefore reverse the superior court to the extent that it upheld the recorder's court decision holding Lewis in contempt of the 2010 Order and fining him $1,000 for that violation. In addition, because it is unclear from the record to what extent the recorder's court relied upon its finding that Lewis was in contempt of the 2010 Order in sentencing Lewis to several months of incarceration, we vacate the superior court's affirmance of Lewis's sentence and remand so that Lewis can be resentenced in the recorder's court consistent with this opinion. We affirm the superior court in all other respects.

*The 2010 Cease and Desist Order.* The record reflects that Lewis has operated rooming houses[1] for tenants in the City of Savannah (the "City") since the 1990s and has received repeated notices from City inspectors concerning zoning ordinance violations and other problems with his operation of the houses. In October 2010, the

---

[1] Section 8-3002 of the City of Savannah's Code of Ordinances (the "Savannah Code") defines a rooming house "as "[a] dwelling in which meals or lodging or both are furnished for compensation to more than two and less than ten nontransient persons."

2

City brought a code enforcement action against Lewis in the Recorder's Court of Chatham County for his illegal operation of a rooming house located at 2514 Whitaker Street. That same month, the recorder's court entered the 2010 Order, which required Lewis to correct certain deficiencies at 2514 Whitaker Street, obtain a certificate of occupancy and other required permits, pay restitution to the tenants, and pay a $1,000 fine for his violations of the Savannah Code. Paragraph 7 of the 2010 Order further provided that Lewis "shall cease and desist from any activities that violate the Code of the City of Savannah," and "shall not manage, lease, rent or reside in any additional illegal rooming house within Chatham County." The 2010 Order also stated that failure to comply with its provisions "may result in a fine of up to $1,000 and/or up to 30 days in jail."

Lewis was ordered to report back to recorder's court in November 2010. After conducting a hearing in which a City inspector provided a status update regarding the rooming house at issue, the recorder's court judge dismissed the case, as reflected by a handwritten notation of "Dismissed" on a printout of the docket that was signed by the judge and then entered in the recorder's court records. According to Lewis, he later went to the clerk's office of the recorder's court and sought to pay the fine

3

imposed on him by the 2010 Order, but the clerk told him that "there [was] no fine" because the case had been dismissed.

*The Consolidated 2013 Enforcement Actions.* Following inspections in 2013, the City brought a series of new code enforcement actions against Lewis in recorder's court for violating the Savannah Code in his operation of rooming houses at 20 other properties. None of these enforcement actions were for the house located at 2514 Whitaker Street, the subject of the 2010 Order.

Based on the alleged Savannah Code violations in the 20 properties, the City sought fines and penalties from Lewis and requested that he be incarcerated for 17 months. The City also argued that Lewis was in violation of the 2010 Order from the unrelated case because he never paid the $1,000 fine and because his operation of illegal rooming houses on the 20 properties contravened Paragraph 7 of the 2010 Order. The City requested that Lewis be fined an additional $1,000 for failing to comply with the 2010 Order.

The 2013 enforcement actions against Lewis were consolidated into a single case that was heard by the same recorder's court judge who had dismissed the City's 2010 case against Lewis. A three-day evidentiary hearing ensued in which the State presented the testimony of various City inspectors and other witnesses to the

4

deficiencies in the 20 properties. Lewis also testified and called several defense witnesses on his behalf.

During the three-day hearing, Lewis moved to dismiss the consolidated enforcement actions, arguing, among other things, that the 2010 Order could not be enforced against him in the current proceedings because the unrelated 2010 case had been dismissed. The trial court verbally denied the motion, finding that while the 2010 case "was dismissed," the 2010 Order nevertheless "remain[ed] intact" and could be enforced against Lewis. The recorder's court later entered a written order denying Lewis' motion to dismiss.

Following the hearing, the recorder's court entered a detailed final order, finding that Lewis' operation of the rooming houses on the 20 properties was in violation of multiple provisions of the Savannah Code, as the City had alleged. The recorder's court also found that Lewis was in violation of the 2010 Order. Based on these findings, the recorder's court ordered Lewis to pay $73,050 in fines and penalties (which included "a $1,000.00 fine as required by the [2010 Order]") and sentenced him to serve eight-and-one-half months in the county detention center.

Lewis appealed the decision of the recorder's court by filing a petition for a writ of certiorari to the Superior Court of Chatham County. See *Smith v. Gwinnett*

*County*, 246 Ga. App. 865, 867 (1) (b) (542 SE2d 616) (2000) (proper procedure for appealing the decision of a recorder's court is by filing a petition for a writ of certiorari to the superior court). See also OCGA §§ 5-4-1 (a); 15-6-8 (4) (B), (C). He argued that the recorder's court erred by finding him in contempt of the 2010 Order because the 2010 case had been dismissed. Lewis further argued that the recorder's court erred by sanctioning him for violating the Savannah Code in his operation of the 20 properties because the City had failed to provide him with a reasonable opportunity to correct the deficiencies in the properties before filing suit against him.

The superior court rejected Lewis' arguments and affirmed the decision of the recorder's court. Lewis filed an application for discretionary appeal, which this Court granted, resulting in the present appeal.

1. Lewis contends that the superior court erred in upholding the decision of the recorder's court finding him in contempt of the 2010 Order. Lewis argues that the recorder's court could not hold him in contempt of an order from a different case that had been dismissed.[2] We agree.

---

[2] The recorder's court did not use the word "contempt" in finding that Lewis had violated the 2010 Order, but "orders are construed according to their substance and function and not merely by nomenclature." *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006).

Where an appeal from recorder's court comes before the superior court on writ of certiorari pursuant to OCGA § 5-4-3, the superior court's scope of review is limited to a consideration of "errors of law" and whether "the judgment or ruling below was sustained by substantial evidence." OCGA § 5-4-12 (b). Whether a court has jurisdiction and the authority to enter a contempt finding is a legal question, and we owe no deference to the ruling of the superior court or recorder's court on this question and instead "conduct a de novo review of the matter for plain legal error." *Montgomery v. Morris*, 322 Ga. App. 558, 559 (1) (745 SE2d 778) (2013).

Under Georgia law, the unqualified dismissal of a case terminates the action, divests the trial court of jurisdiction to take further action in the case, and renders all orders entered after the dismissal a mere nullity. See *Montgomery*, 322 Ga. App. at 560 (1); *Gallagher v. Fiderion Group, LLC*, 300 Ga. App. 434, 436 (1) (685 SE2d 387) (2009); *Cotton v. Surrency*, 277 Ga. App. 158 (626 SE2d 148) (2006). Furthermore, upon dismissal of the case, all prior orders that were entered in the case are superceded and can no longer be enforced against the parties. See *Montgomery*, 322 Ga. App. at 560 (1); *Gallagher*, 300 Ga. App. at 436 (1). Thus, the dismissal of a case divests the court of jurisdiction to consider a subsequent contempt motion and precludes the court from finding a party in contempt of an order previously entered

7

in that case. See *Montgomery*, 322 Ga. App. at 560-561 (1); *Gallagher*, 300 Ga. App. at 436-437 (1). See also *Knapp v. Cross*, 279 Ga. App. 632, 637 (3) (632 SE2d 157) (2006) (holding that party could not be held in contempt for violating an order that was no longer in effect).

Applying these principles to the present case, we note that at the evidentiary hearing before the recorder's court in the 2013 enforcement action, Lewis testified that the unrelated 2010 case had been dismissed in November 2010, and he introduced into evidence the printout of the docket sheet from the case showing the notation "Dismissed" that had been signed by the recorder's court judge and entered in the recorder's court records. Lewis further testified that when he later went to the clerk's office of the recorder's court and sought to pay the fine imposed on him by the 2010 Order, the clerk told him that the case had been dismissed and that the fine no longer needed to be paid. The City did not introduce any testimony or documentary evidence contradicting Lewis's claim that the 2010 case had been dismissed, and the recorder's court judge (who was the same judge who had written the "Dismissal" notation on the 2010 docket sheet) found at the conclusion of the hearing that the 2010 case "was dismissed."

8

Under these circumstances, where the uncontroverted evidence shows that the 2010 case against Lewis had been dismissed, the recorder's court was divested of jurisdiction to consider the contempt motion as part of the 2013 enforcement action and lacked authority to enforce the 2010 Order, which was no longer in effect. See *Montgomery*, 322 Ga. App. at 560-561 (1); *Gallagher*, 300 Ga. App. at 436-437 (1); *Knapp*, 279 Ga. App. at 637 (3). Consequently, the superior court erred in upholding the decision of the recorder's court finding Lewis in contempt of the 2010 Order.

In arguing for a different result, the City emphasizes that the dismissed 2010 case was a code enforcement action brought against Lewis in recorder's court, which was a quasi-criminal proceeding. See *DeKalb County v. Gerard*, 207 Ga. App. 43 (1) (427 SE2d 36) (1993). While the cases cited supra in our opinion addressed the effect of an unqualified dismissal in a civil case on subsequent contempt proceedings, the City cites to no persuasive legal authority, and we have found none, that would justify treating the effect of a dismissal in a quasi-criminal case differently or less stringently than a dismissal in a civil case.[3] Indeed, if an order entered in a quasi-criminal case

---

[3] The City cites to OCGA § 16-1-4, which provides:
No conduct constitutes a crime unless it is described as a crime in this title or in another statute of this state. However, this Code section does not affect the power of a court to punish for contempt or to employ any sanction authorized by law for the enforcement of an order, civil

9

were to be enforced against a person even though the case had been previously dismissed, it would raise significant due process concerns as to whether the person had "fair warning" of the order's continued effect. See *Pitts v. State*, 293 Ga. 511, 514 (1) (748 SE2d 426) (2013) ("In the context of a law which criminalizes certain behavior, due process requires that the law give a person of ordinary intelligence fair warning of the specific conduct which is forbidden or mandated."). Hence, in considering the effect of a dismissal on subsequent contempt proceedings, we discern no basis for treating the dismissal of a quasi-criminal case differently than the dismissal of a civil case.

The City also asserts in the alternative that the 2010 case was administratively closed to remove the matter from the pending hearing docket rather than dismissed. But the City presented no testimony or documentary evidence at the hearing before the recorder's court to support this assertion, the handwritten notation of the recorder's court judge on the docket sheet said "Dismissed" without any limitation or further qualification, and the judge involved in both the 2010 case and the 2013

---

judgment, or decree.
 This statutory provision clearly does not address the effect of the dismissal of a case on subsequent contempt proceedings.

10

cases found that the 2010 case had been "dismissed." The City's assertion therefore is without merit.

For these combined reasons, the recorder's court erred by finding Lewis in contempt of the 2010 Order and fining him $1,000 for that violation, and we therefore reverse the superior court to the extent that it upheld those rulings by the recorder's court. Furthermore, it is unclear to what extent the recorder's court relied upon its finding of contempt when it sentenced Lewis to eight-and-one-half months of incarceration. For that reason, we also vacate the superior court's affirmance of Lewis's sentence and remand so that Lewis can be resentenced in the recorder's court consistent with this opinion.

2. In two related enumerations of error, Lewis contends that the superior court erred in upholding the decision of the recorder's court sanctioning him for violating the Savannah Code because the City never gave him a reasonable opportunity to correct the code violations at the 20 properties before filing suit against him. According to Lewis, the City's failure to provide him with a reasonable opportunity to correct the deficiencies violated OCGA § 36-74-23 (b), and there was no evidentiary basis for the superior court or recorder's court to find that he had

committed "repeat violations," an exception to the aforesaid statutory requirement.[4]

Lewis further argues that the City's failure to provide him with notice and reasonable opportunity to correct the deficiencies violated his right to due process. We discern no basis for reversal.

(a) We first address Lewis' contention that he was entitled to a reasonable opportunity to correct the deficiencies in the properties under OCGA § 36-74-23, which provides in relevant part:

> (b) Except as provided in subsections (c) and (d) of this Code section, if a violation of any code or ordinance is found, the code enforcement officer shall notify the violator and give him or her a reasonable time to correct the violation. Should the violation continue beyond the time specified for correction, the code enforcement officer shall proceed with enforcement through the appropriate court or shall proceed with enforcement through the appropriate code enforcement board. . . .

---

[4] Lewis also vaguely claims that "City Ordinances" required that he be afforded a reasonable opportunity to correct the deficiencies in the properties before an enforcement action could be commenced. Because Lewis has failed to provide any citation to specific legal authority or to the record to support his claim regarding "City Ordinances," his claim is deemed abandoned and we will not address it. See Court of Appeals Rule 25 (c) (2). See also *In the Interest of G. Q.*, 328 Ga. App. 69, 77 (1) (c) (761 SE2d 490) (2014) (concluding that claim on appeal had been abandoned where appellant failed "to support [his] claim with any meaningful argument or with statutory or legal authority for [his] contention") (citation and punctuation omitted).

12

(c) If a repeat violation is found, the code enforcement officer shall notify the violator but is not required to give the violator a reasonable time to correct the violation. . . .

(d) If the code enforcement officer has substantial reason to believe a violation presents a serious threat to the public health, safety, and welfare or if the violation is irreparable or irreversible in nature, the code enforcement officer shall make a reasonable effort to notify the violator and may immediately notify the enforcement board and request a hearing.

Upholding the recorder's court, the superior court concluded that the City was not required to give Lewis a reasonable opportunity to correct the Savannah Code violations before filing suit against him because he had committed "repeat violations" under OCGA § 36-74-23 (c), *and* because the City had a reasonable belief that the violations posed a serious threat to public health, safety, and welfare under OCGA § 36-74-23 (d). On appeal, Lewis argues that the superior court erred in concluding that he had committed "repeat violations," but does not address the superior court's alternative conclusion that the violations posed a serious threat to public health, safety, and welfare.

Because Lewis provides no citations to the record or legal argument as to why the superior court erred in concluding that the Savannah Code violations posed a

serious threat to public health, safety, and welfare, any argument in that regard has been abandoned for purposes of appeal. See Court of Appeals Rule 25 (c) (2). Accordingly, regardless of whether the superior court erred in finding that Lewis committed "repeat violations,"the superior court's finding that the City did not have to afford Lewis with a pre-suit opportunity to correct the deficiencies under OCGA § 36-74-23 (b) stands affirmed on the alternative ground that the violations posed a serious threat to public health, safety, and welfare. See *Ray v. Hartwell R. Co.*, 289 Ga. 452, 452-453 (711 SE2d 722) (2011); *LabMD v. Admiral Ins. Co.*, 323 Ga. App. 906, 908-909 (2) (749 SE2d 11) (2013).

(b) We next address Lewis's contention that he was deprived of due process because the City failed to provide him with notice and a reasonable opportunity to correct the deficiencies in the properties.

> The constitutionally-guaranteed right to due process of law is, at its core, the right of notice and the opportunity to be heard. Neither the federal nor the state constitution's due process right guarantees a particular form or method of procedure, but is satisfied if a party has reasonable notice and opportunity to be heard, and to present its claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it.

14

(Citations and punctuation omitted.) *Cobb County Sch. Dist. v. Barker*, 271 Ga. 35, 37 (2) (518 SE2d 126) (1999).

The record reflects that Lewis was provided notice of the Savannah Code violations alleged by the City and was given ample opportunity to respond to those allegations during the three-day hearing conducted in recorder's court. Providing Lewis with notice and an opportunity to respond to the charges against him was sufficient to satisfy his due process rights, see *Barker*, 271 Ga. at 37 (2), and the superior court thus committed no error in upholding the decision of the recorder's court sanctioning Lewis for violating the Savannah Code by operating rooming houses on the 20 properties.

*Judgment affirmed in part; reversed in part; vacated in part; and case remanded for resentencing. Ray and McMillian, JJ., concur.*