# Court of Appeals
# of the State of Georgia

ATLANTA,  August 30, 2023

*The Court of Appeals hereby passes the following order:*

## A23A1673. MAURICIO SANCHEZ v. THE STATE.

Mauricio Sanchez was indicted in January 2019 on charges of aggravated child molestation and enticing a child for indecent purposes. Although Sanchez was in jail at the time of his indictment, he was subsequently released on bond. In December 2021, while he was awaiting trial, Sanchez received notice that the United States Citizenship and Immigration Services had denied his application to enter the country as a nonimmigrant.[1] Sanchez thereafter removed himself from the United States. In January 2022, Sanchez's attorney filed a motion pursuant to OCGA 17-6-72 (c.1),[2] seeking to prevent the revocation of Sanchez's bond and to have his case placed on the dead docket. Without ruling on Sanchez's motion, the trial court held a calendar call via Zoom in May 2022, at which Sanchez failed to appear. Following his failure to appear, the trial court revoked Sanchez's bond, issued a bench warrant for his

---

[1] Sanchez's application had been pending since April 2015.

[2] That statutory subsection provides:
No judgment shall be rendered on a forfeiture of any appearance bond if it is shown to the satisfaction of the court that the principal on the bond was prevented from attending because he or she was deported or removed from the United States by federal authorities. Official documentation from a federal official or agency shall be considered proof of the principal's deportation or removal. Such documentation may be delivered by mail or e-mail or delivered by hand or by facsimile machine.

arrest, and entered an order administratively closing the case until Sanchez "is brought into the jurisdiction of the court[.]" Sanchez then filed this direct appeal. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" In *Seals v. State*, 311 Ga. 739 (860 SE2d 419) (2021), the Supreme Court of Georgia held that a criminal case is not final until written judgment has been entered on all counts of an indictment. 311 Ga. at 741-743 (2) (a). Thus, where charges have been dead-docketed, or where a case has been administratively closed, the case remains pending in the trial court. Id.at 747 (3) (b) (where one charge was dead-docketed, the case remained pending); see *Lewis v. City of Savannah*, 336 Ga. App. 126, 131 (1) (784 SE2d 1) (2016) (distinguishing between administrative closure of a case, which leaves the case pending, and dismissal of the action, which disposes of the case); see, e.g., *United Sciences, LLC v. Kellett*, ___ Ga. App. ___ (Case No. A21A1060, decided June 23, 2023) (where case was closed administratively, it could be reopened by motion of a party). Accordingly, to appeal an order or judgment in a case that has been administratively closed, a party must use the interlocutory appeal procedures — which include both obtaining a certificate of immediate review from the trial court and filing an application for interlocutory review in this Court. *Seals*, 311 Ga. at741-742 (2) (a), 748 (3) (b); OCGA § 5-6-34 (b). Sanchez's failure to comply with those requirements deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__08/30/2023_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____, Clerk.